









THIES

LAW OFC OF W A WYMAN

RCM
3:97-CV-00734
*1*
*CMP.*

# ORIGINAL

MICHAEL ERNEST DOUKAS, ESQ. (State Bar # 171111)
Law Offices of Michael Ernest Doukas
316 S. Melrose Drive, Ste. 100
Vista, CA 92083
(619) 724-4676

HAROLD M. HEWELL, ESQ. (State Bar #171210)
401 W. "A" Street, Suite 1300
San Diego, California 92101
(619) 235-6854

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

JARRETT E. THIES, an individual )
consumer residing in San Diego County, )
and JACQUELYN D. THIES, an individual )
consumer residing in San Diego County, )
)
    Plaintiffs, )
)
v. )
)
THE LAW OFFICES of WILLIAM A. )
WYMAN, a San Diego County business of )
unknown legal structure and state of origin; )
and CHAMPS/THE KELLY GROUP, a )
San Diego County business of unknown )
legal structure and state of origin, )
)
    Defendants. )
)
)
)
_____ )

Civil Action No. 97 CV 0734B (CGA

**COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C.§ 1692, *ET. SEQ.*, AND DEMAND FOR JURY TRIAL**

Plaintiffs allege:

## I.

## INTRODUCTION

1. This is an action for damages and other relief brought by individual consumers for defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiffs hereby demand a jury trial.

1

## II.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

## III.

### PARTIES

3. Plaintiff JARRETT E. THIES (hereinafter "Mr. Thies") is a natural person residing in the County of San Diego, California, and is an individual alleged by the defendants to be a consumer debtor.

4. Plaintiff JACQUELYN D. THIES (hereinafter "Mrs. Thies") is a natural person residing in the County of San Diego, California, and is an individual alleged by the defendants to be a consumer debtor.

5. Mr. and Mrs. Thies are owners of the house and lot at 1802 Castle Glen, Escondido, County of San Diego, California, within the VIEW TERRACE DEVELOPMENT.

6. Defendant THE LAW OFFICES OF WILLIAM A. WYMAN (hereinafter, "WYMAN") is a business of unknown legal structure in San Diego, California, that regularly attempts to collect debts alleged to be due another. WYMAN is, and at all times relevant herein was, a debt collector pursuant to 15 U.S.C. § 1692a(6), and was acting as an agent of VIEW TERRACE ASSOCIATION.

7. Plaintiff is informed and believes, and thereon alleges, that defendant CHAMPS/THE KELLY GROUP (hereinafter "KELLY GROUP") is a business of unknown legal structure and state of origin, operating in San Diego, California, that regularly attempts to collect debts alleged to be due another. At all times relevant herein, KELLY GROUP was a debt collector pursuant to 15 U.S.C. § 1692a(6), and was acting as an agent of VIEW TERRACE ASSOCIATION.

8. Plaintiff is informed and believes, and thereon alleges, that each of the defendants is, and at all times relevant herein was, the agent, employee or alter ego of each of the remaining co-defendants, and in committing the acts herein alleged, was acting within the

scope of their authority as such agents, employees, or alter egos, and with the permission and consent of the remaining co-defendants.

## IV.

## FACTUAL ALLEGATIONS

9. Plaintiffs repeat and reallege and incorporate by reference paragraphs one through eight above.

10. On or about June, 1996, Mr. and Mrs. Thies became concerned that a common area adjacent to their home was being neglected by View Terrace Association, which is charged with the improvement and maintenance of all common areas in the View Terrace development and which levies assessments against the property owners for this purpose. See Article IV, Section 4.02, of the "Declaration of Restrictions," pertinent part attached hereto as Exhibit "1" and incorporated by reference.

11. On or about July, 1996, Mr. and Mrs. Thies attended two View Terrace Association meetings and asked for an inspection of the neglected common area. However, the Association failed to inspect the common area and made no attempts to improve it.

12. For a two-month period on or about June and July, 1996, Mr. and Mrs. Thies withheld their payment of the Association's fees of $78.00 per month because the common area they were paying the Association to maintain had been neglected and no attempts were being made to correct the problem.

13. Despite the lack of response to their complaints, the Thieses resumed their payments to the View Terrace Association in August, submitting a payment of $88.00 to the Association in care of KELLY GROUP. This represented their normal monthly fee plus $10.00 in late fees. A copy of a March 3, 1997, statement from WYMAN is attached hereto as Exhibit "2" and incorporated by reference. This left a past-due balance of $176.00, representing two months' fees and $20.00 in late fees.

14. In mid-September, 1996, Mrs. Thies sent the Association a check for $176.00, to cover the past-due balance, including $20.00 in late fees. This left a new balance of $88.00 for the September fees, plus a $10.00 late fee. A copy of the payment is attached

3

hereto as Exhibit "3" and incorporated by reference.

15. On or about the same day the Thieses mailed the check for $176.00, they received a letter from WYMAN, dated September 24, 1996. The letter cited a past-due amount of $186.00, which improperly included an extra $10 late fee, plus attorney's fees of $30, bringing the total amount due, according to WYMAN, to $216.00. The letter also threatened the recording of a lien against the Thieses' property unless the allegedly delinquent payment and costs were paid within 10 days of the date of the letter. The letter also threatened foreclosure. Since Mrs. Thies had already sent the check for $176 to the View Terrace Association, she and her husband thought the letter was moot. A copy of the letter is attached hereto as Exhibit "4" and incorporated by reference.

16. On or about October 9, 1996, Mrs. Thies sent the Association a check for $88.00 (including a $10 late fee). A copy of the payment is attached hereto as Exhibit "5" and incorporated by reference.

17. On or about October 10, 1996, Mr. and Mrs. Thies received a letter from WYMAN, returning their check for $176.00 for their September payment. WYMAN's letter explained the check had been returned because it did not represent the entire balance of the account. Additionally, the letter said, an assessment lien had been placed against the Thies property and would not be released until the balance, including the allegedly delinquent assessments and attorney costs, were paid in full. The new balance, WYMAN asserted, was now $472.00, including the allegedly delinquent assessments and attorney's fees. A copy of the letter is attached hereto as Exhibit "6" and incorporated by reference.

18. On or about October 20, 1996, WYMAN returned the Thieses' check for $88.00, citing the same reasons as in the letter described in Paragraph 17. He added another $10 late fee to the Thieses' balance, bringing it to $482.00. A copy of the letter is attached hereto as Exhibit "7" and incorporated by reference.

19. At about the same time, Mr. and Mrs. Thies received a notice of involuntary lien from the San Diego County recorder's office. A copy of the notice is attached hereto as Exhibit "8" and incorporated by reference.

20. Alarmed, Mrs. Thies called the View Terrace Association to ask why she and her husband had not been warned by View Terrace Association before the above action was taken. She was told by "Connie" that when a homeowner's account is in arrears, it is automatically sent to collections without warning. She advised Mrs. Thies to call WYMAN.

21. Mrs. Thies called WYMAN. That office told her a September 26, 1996, letter had been sent to her explaining the account procedures. She informed the office that she had never received the letter. While talking on the telephone to WYMAN'S office, Mrs. Thies noticed by the sound of the call that she was on a speaker phone, and she heard voices laughing in the background. She hung up. Plaintiffs were never given a copy of the alleged September 26, 1996, letter.

22. On or about November 19, 1996, Mr. and Mrs. Thies received another letter from WYMAN threatening foreclosure of the lien and demanding a payment of $619.00, including $257.00 for legal fees, of which $32.00 was allocated for "miscellaneous legal fees." A copy of the letter is attached hereto as Exhibit "9" and incorporated by reference.

23. On January 15, 1997, WYMAN filed suit in the Municipal Court, North County Judicial District, against Mr. and Mrs. Thies on behalf of View Terrace Association.

24. On or about January 24, 1997, View Terrace Association sent Mr. and Mrs. Thies a statement of their account, which indicated a balance of $873.00. A copy of the statement is attached hereto as Exhibit "10" and incorporated by reference.

25. Mr. Thies then submitted two checks in payment on the account. One, in the amount of $528.00, was intended to cover Association fees and late charges for August, 1996, through January, 1997. The second check, for $78.00, was for February's Association fees. The checks totaled $606 and covered everything except WYMAN'S attorney's fees. The amount included late fees caused by WYMAN'S returning the Thieses' earlier payments to the Association. In an accompanying letter to the Association, Mr. Thies wrote that WYMAN'S "bobbled" collection attempts had interfered with the two parties' desire for closure. A copy of the letter and payments are attached hereto as Exhibit "11" and incorporated by reference.

26. In a letter dated February 12, 1997, WYMAN alleged that the Thieses' checks

5

for $606.00 did not bring their account current and that with late fees and assessments that had accrued since his November 19, 1996, letter, their new balance had increased to $1,451.50. Nearly half of this new balance included attorney's fees, which had managed to climb to almost $700.00. *A copy of the letter is attached hereto as Exhibit "12" and incorporated by reference.*

27. In a February 20, 1997 letter, WYMAN returned the two checks totalling $606.00. *A copy of the letter is attached hereto as Exhibit "13" and incorporated by reference.*

28. On or about March 11, 1997, the court awarded the View Terrace Association a judgment, by default, of $1,314.88. *A copy of the judgment is attached hereto as Exhibit "14" and incorporated by reference.*

## V.

### FIRST CLAIM FOR RELIEF

### AGAINST WYMAN

29. Plaintiffs repeat and reallege and incorporate by reference paragraphs one through twenty-eight above.

30. WYMAN violated the FDCPA. These violations include, but are not limited to, the following:

a. Section 1692c.(b), which states in pertinent part that "(e)xcept as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post-judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." WYMAN violated this when his law office placed Mrs. Thies' telephone call on the speaker phone without obtaining her permission in advance, allowing multiple parties to listen in on the call and laugh at Mrs. Thies' comments.

b. *Section 1692d., Preface,* which bars a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt." WYMAN violated this when his law office placed Mrs. Thies' telephone call on the speaker phone without obtaining her permission in advance, allowing multiple parties to listen in on the call and laugh at Mrs. Thies' comments; and when his law office refused to accept any checks offered by the Thieses in payment on the debt, thereby resulting in late fees, charges and attorneys' fees.

c. Section 1692e., _Preface_, which states in pertinent part that, "(a) debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." WYMAN did this: when his law office refused to accept any checks offered by the Thieses in payment on the alleged debt, thereby resulting in late fees, charges and attorneys' fees; and when his office did not send plaintiffs a copy of the alleged September 26, 1996, letter after plaintiffs told him they never received a copy of the letter.

d. Section 1692e.(10), which bars "(t)he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." WYMAN violated this when his office did not send plaintiffs a copy of the alleged September 26, 1996, letter after plaintiffs told him they never received a copy of the letter.

e. Section 1692e.(11), which requires the debt collector "to disclose in the initial written communication with the consumer ... that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose... ." WYMAN violated this by failing to state the above language in his office's initial letter to plaintiffs.

f. Section 1692f., _Preface_, which bars a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." WYMAN violated this by: sending plaintiffs' checks back to them when plaintiffs tried to pay down their balance, thereby permitting the accrual of additional interest, late charges and attorney's fees.

g. Section 1692g.(a), which requires that "(w)ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: (1) the amount of

the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." WYMAN violated this by failing to provide the information as required.

## VI.

## SECOND CLAIM FOR RELIEF

## AGAINST KELLY GROUP

31. Plaintiffs repeat and reallege and incorporate by reference paragraphs one through thirty above.

32. KELLY GROUP violated the FDCPA. These violations include, but are not limited to, the following:

a. Section 1692e.(11), which requires the debt collector "to disclose in the initial written communication with the consumer ... that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose... ." KELLY GROUP violated this by failing to state the above warning in its initial letter to plaintiffs.

b. 1692f., which states "(a) debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." KELLY GROUP violated this by: sending plaintiffs' checks back to them when plaintiffs tried to pay down their balance, thereby permitting the accrual of additional interest, late charges and attorney's fees.

c. Section 1692g.(a), which requires that "(w)ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer

8

has paid the debt, send the consumer a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." KELLY GROUP violated this by failing to provide the information as required.

WHEREFORE, Plaintiffs respectfully pray for relief from defendants, and each of them, for violations of the First Claim for Relief as follows:

(a) actual damages;

(b) statutory damages of $1,000.00 pursuant to 15 U.S.C. Section 1692.k(2)(A);

(c) punitive damages;

(g) costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.(a)(3);

(h) that defendants take nothing and receive no attorney's fees whatsoever, regardless of the outcome of this matter, because this action is brought in good faith and not in an attempt to harass the defendants, in accordance with 15 U.S.C. §1692k.(a)(3); and

i) for such other and further relief as may be just and proper.

WHEREFORE, Plaintiffs respectfully pray for relief from defendants, and each of them, for violations of the Second Claim for Relief as follows:

(a) actual damages;

(b) statutory damages of $1,000.00 pursuant to 15 U.S.C. Section 1692.k(2)(A);

(c) punitive damages;

(g) costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.(a)(3);

(h) that defendants take nothing and receive no attorney's fees whatsoever, regardless of

the outcome of this matter, because this action is brought in good faith and not in an attempt to harass the defendants, in accordance with 15 U.S.C. §1692k.(a)(3); and

     i) for such other and further relief as may be just and proper.

DATED: _4/21_____, 1997.

               MICHAEL ERNEST DOUKAS
               HAROLD M. HEWELL
               ATTORNEYS FOR PLAINTIFFS

               By: _____
               HAROLD M. HEWELL

**EXHIBIT 1**

Section 3.04. Declarant Vote. Where the vote or written assent of each class of membership is made a prerequisite to the initiation of action by the Association, any requirement elsewhere in this Declaration that the vote of Declarant shall be excluded in any such determination shall not be applicable.

## ARTICLE IV

## COVENANT FOR MAINTENANCE ASSESSMENTS

Section 4.01. Creation of the Lien and Personal Obligation of Assessments. Declarant, for each Lot owned within the Properties, hereby covenants, and each Owner of any Lot by acceptance of a deed therefor, whether or not it shall be so expressed in such deed, is deemed to covenant and agree to pay to the Association: (1) annual assessments or charges and (2) special assessments for capital improvements, such assessments to be established and collected as hereinafter provided. The annual and special assessments, together with interest, costs and reasonable attorneys' fees, shall be a charge on the land and shall be a continuing lien upon the Lot against which each such assessment is made. Each such assessment, together with interest, costs and reasonable attorneys' fees, shall also be the personal obligation of the person who was the Owner of such Lot at the time when the assessment fell due. The personal obligation for delinquent assessments shall not pass to his successors in title unless expressly assumed by them.

Section 4.02. Purpose of Assessments. The assessments levied by the Association shall be used exclusively to promote the recreation, health, safety and welfare of the residents in the Properties and for the improvement and maintenance of the Common Area and shall include, as a part of the annual assessment collectible in installments, adequate reserves for maintenance, repairs and replacements of those elements of Association property that must be rebuilt or replaced on a periodic basis.

**EXHIBIT 2**

VIEW TERRACE/THIES                          3/3/97

UNIT#3

| DATE | | ASSESS-MENT | LATE CHARGE | INTEREST | COLLECTION LETTERS/ ATTORNEYS FEES | ATTORNEY COSTS | PAYMENTS | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 4 | 96 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 5 | 96 | 78.00 | 10.00 | 0.00 | | | 78.00 | 10.00 |
| 6 | 96 | 78.00 | 10.00 | 0.05 | | | 88.00 | 10.05 |
| 7 | 96 | 78.00 | 10.00 | 0.05 | | | | 98.10 |
| 8 | 96 | 78.00 | 10.00 | 0.49 | | | 88.00 | 98.59 |
| 9 | 96 | 78.00 | 10.00 | 0.49 | | | | 187.08 |
| 10 | 96 | 78.00 | 10.00 | 0.93 | 145.00 | | | 421.01 |
| 11 | 96 | 78.00 | 10.00 | 2.10 | 50.00 | 15.00 | | 576.11 |
| 12 | 96 | 78.00 | 10.00 | 2.79 | | | | 666.89 |
| 1 | 97 | 78.00 | 10.00 | 3.23 | | 125.50 | | 883.62 |
| 2 | 97 | 78.00 | 10.00 | 3.67 | 250.00 | | | 1,225.28 |
| 3 | 97 | 78.00 | 10.00 | 5.36 | | | | 1,318.64 |
| 4 | 97 | 78.00 | | 5.80 | | | | 1,402.43 |
| TOTALS: | | 936.00 | 110.00 | 24.93 | 445.00 | 140.50 | 254.00 | 1,402.43 |

NOTE:   CALCULATIONS ARE SHOWN ROUNDED TO NEAREST CENT; HOWEVER,
        TOTALS ARE CALCULATED BASED ON UNROUNDED FIGURES;
        THEREFORE, THERE MAY BE A FEW CENTS DISCREPANCY IN TOTALS
        BUT TOTALS ARE ACCURATE

**EXHIBIT 3**

**JARRETT E. THIES**
**JACQUELYN D. THIES**
1802 CASTLE GLEN
ESCONDIDO, CA 92029

1645

16-49/1220
0161876552

DATE _9/20/96_

PAY TO THE
ORDER OF _View Terrace Association_ $ 176.00

_One hundred and Seventy six and 00/100_ DOLLARS

Union Bank

Escondido Office
303 West Grand Avenue
Escondido, CA 92025
800-238-4486

FOR _____

⑆122000496⑆ 0161876552⑈ 1645

_Jacquelyn Thies_

**EXHIBIT 4**

September 24, 1996

JARRETT E THIES
1802 CASTLE GLEN
ESCONDIDO  CA 92029

RE:   DELINQUENT PAYMENT TO VIEW TERRACES ASSOCIATION
UNIT NO. T003                 ADDRESS: Same as above

---

Dear Owner:

I have been advised that you are delinquent in the payment of your Homeowners' maintenance assessments in the amount of $186.00 and costs for attorney's fees of $30.00, for a total due of $216.00. **The above amount represents your past due assessments only, you must pay your assessment for the month of October before it is past due.**

An **Assessment Lien** will be recorded against your property unless your delinquent payment and costs are paid current within **ten (10) days of the above date.** Once the Assessment Lien against your property is recorded, it will not be released until you pay your assessments and the costs of recording and releasing the lien as well as attorney's fees.  **Reasonable attorney's fees are $145.00**

The Association has the power to **Foreclose any Lien** it has placed against your property pursuant to the authority of the laws of the State of California, and the *DECLARATIONS OF COVENANTS, CONDITIONS AND RESTRICTIONS* of the Association.  **In addition the Association, at its option, may bring an action at law against the owner personally obligated to pay delinquent assessments as well as costs of collection and reasonable attorney's fees.**

If you have any questions regarding the above delinquency, you should contact The Law Offices of William A. Wyman at (619) 438-4947, or write them at the above address.

MAKE CHECKS PAYABLE TO:     **VIEW TERRACES ASSOCIATION**
SEND ALL PAYMENTS TO: **5731 Palmer Way, Suite B, Carlsbad, CA 92008**

## <u>ALL PAYMENTS MUST BE IN THE FORM OF CASHIERS CHECK OR MONEY ORDER.</u> Your prompt payment now will result in substantial savings.

Sincerely,

WILLIAM A. WYMAN
Attorney at Law

:sc

**EXHIBIT 5**

**JARRETT E. THIES**
**JACQUELYN D. THIES**
1802 CASTLE GLEN
ESCONDIDO, CA  92029

1649

DATE _Oct 9 96_    16-49/1220
0161876552

PAY TO THE
ORDER OF _____ | $ _88⁰⁰_

_Eighty eight and /00_ _____ DOLLARS

Union Bank    Escondido Office
303 West Grand Avenue
Escondido, CA 92025
800-238-4486
Union Bank

FOR _Oct Assoc dues $54_ _____ _Jarrett Thies_    MP

⑈1220004⑈:0161876552⑈ 1649

**EXHIBIT 6**

*The Law Offices of*

# WILLIAM A. WYMAN

*Specializing in*
*Homeowner Association Representation*

5731 Palmer Way, Suite B
Carlsbad, CA 92008

**Telephone (619) 438-4947 ● FAX (619) 438-4975**

October 10, 1996

JARRETT E THIES
1802 CASTLE GLEN
ESCONDIDO CA 92029

RE:   VIEW TERRACE ASSOCIATION
       UNIT #3

Dear Mr. Thies:

Enclosed please find check number 1645 in the amount of $176.00 which we are returning to you uncashed as per our letter dated September 26, 1996 wherein we stated that if we did not receive the remaining balance of your account by October 8, 1996 we would return your check.

An Assessment Lien has been recorded against your property and **will not be released until the entire delinquent assessements and attorney costs and fees are paid in full.**  As of todays date your account is delinquent in the amount of $472.00.  This amount **does not** include October's late charge of $10.00 if paid of or after October 15, 1996.  Please be advised that any future payment must be in the form of a cashiers check or money order.

If you have any questions regarding this matter, please contact this office.

Respectfully yours,

WILLIAM A. WYMAN
Attorney at Law

WAW:lj

Enclosure

**EXHIBIT 7**

*The Law Offices of*

# WILLIAM A. WYMAN

*Specializing in*
*Homeowner Association Representation*

5731 Palmer Way, Suite B
Carlsbad, CA 92008

**Telephone (619) 438-4947** ● FAX (619) 438-4975

October 16, 1996


JARRETT E THIES
1802 CASTLE GLEN
ESCONDIDO CA  92029

RE:   VIEW TERRACE ASSOCIATION
      UNIT #3

---

Dear Mr. Thies:

Enclosed please find check number 1649 in the amount of $88.00 which we are returning to you uncashed as per our letter dated October 10, 1996, wherein we stated that if we did not receive the **remaining balance** of your account by October 8, 1996 we would return your check.

Like stated previously in our first return check letter, an Assessment Lien has been recorded against your property and **WILL NOT BE RELEASED UNTIL THE ENTIRE DELINQUENT ASSESSEMENTS AND ATTORNEY COSTS AND FEES ARE PAID IN FULL.** As of todays date your account is delinquent in the amount of $482.00.  Please be advised that any future payment must be in the form of a cashiers check or money order.

If you have any questions regarding this matter, please contact this office.

Respectfully yours,



WILLIAM A. WYMAN
Attorney at Law
WAW:lj

Enclosure

**EXHIBIT 8**

 **COUNTY OF SAN DIEGO** 

### GREGORY J. SMITH
### ASSESSOR/RECORDER/COUNTY CLERK

**ASSESSOR'S OFFICE**
1600 PACIFIC HIGHWAY, RM 103
SAN DIEGO, CA 92101-2480
(619) 236-3771 • FAX (619) 557-4056

**RECORDER/COUNTY CLERK'S OFFICE**
1600 PACIFIC HIGHWAY, RM 260
P.O. BOX 1750, SAN DIEGO, CA 92112-4147
(619) 237-0502 • FAX (619) 557-4155

JARRETT THIES
1802 CASTLE GLEN
ESCONDIDO CA 92029                    Date:   October 18, 1996

RE:  DOC. NO. 96-525446


<u>This is a Notice Of Involuntary Lien.</u>  Under   California law,
Government Code 27297.5,  the Recorder/County Clerk is required
to notify persons against whom an involuntary lien is recorded.
This is your official notification that the recorded document
(enclosed copy) may be a lien against your real property.

If you have any questions about the lien, please contact your
attorney and/or the party shown on the enclosed document as the
"claimant", "creditor" or "grantee".  The lien cannot be released
without a signed and acknowledged "release of lien" from the
claimant.  This office cannot issue a release of lien, it can
only be issued by the claimant.  If a satisfaction of a court
judgment is to be recorded, it must be signed by the creditor and
notarized or certified by the court which has jurisdiction.

                          Very truly yours,

                          GREGORY J. SMITH
                          Recorder/County Clerk

                          *MNarducci*
                          _____
                          Deputy Recorder


Enclosure

**EXHIBIT 9**

**William A. Wyman**
Attorney at Law
5731 Palmer Way, Suite B
Carlsbad, CA 92008
Telephone (619) 438-4947 ● FAX (619) 438-4975

November 19, 1996

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

JARRETT E THIES
1802 CASTLE GLEN
ESCONDIDO CA 92029

RE:     NOTICE OF INTENT TO FORECLOSE
        30 Day Notice Before Commencement of LIEN FORECLOSURE
        Unit No. 3      Address:  Same as above
        **VIEW TERRACE ASSOCIATION**

---

Dear Owner:

I have been notified you are delinquent in the payment of assessments and costs of collection to the above referenced association.

A payment of **$619.00** must be received at the above Carlsbad address within thirty (30) days from the above date.  If a payment is not received by that time a proceeding will be commenced to FORECLOSE THE LIEN.  **This amount is delinquency only, you also must pay your assessment for the month of December before it is past due.**

The payment consists of the following:

| | | |
|---|---|---|
| Assessments/Late Charges/Interest: | $ | 362.00 |
| Pay or Lien Letter: | $ | 30.00 |
| Filing Lien: | $ | 145.00 |
| Miscellaneous Legal: | $ | 32.00 |
| Letter to Foreclose: | $ | 50.00 |
| | | |
| Total: | $ | 619.00 |

**MAKE CHECK PAYABLE TO: VIEW TERRACE ASSOCIATION**
**MAIL CHECK TO: 5731 Palmer Way, Suite B, Carlsbad, CA  92008**

**ALL PAYMENTS MUST BE IN THE FORM OF CASHIERS CHECK OR MONEY ORDER.**

Your payment now will result in substantial savings of later expenses.  NOTE: **Failure to mail payment to this office may result in unnecessary attorney fees and costs  being charged to your account due to delay in receiving payment information.**

Sincerely yours,

WILLIAM A. WYMAN
Attorney at Law

:sc

cc  By Regular Mail to Addressee

**EXHIBIT 10**

VIEW TERRACE ASSOCIATION
C/O CHAMPS/The Kelly Group
5731 Palmer Way, Suite C1
Carlsbad, CA 92008-7247

Date        Account

01/24/97    VIEW-003
            **STATEMENT**

THIES, Jarrett E.
1802 Castle Glen
Escondido, CA 92029   PLEASE RETURN THIS PORTION WITH PAYMENT

Amount Due    $873.00

Amount Paid   _____

ACCORDING TO VIEW TERRACE'S COLLECTION POLICY, FEES ARE DUE
ON THE 1ST OF THE MONTH AND LATE IF NOT RECEIVED BY THE 15TH

| Date | Description | Charges | Payments | Balance |
|------|-------------|---------|----------|---------|
|      | Balance Forward |       |          | 785.00  |
| 01/17/97 | JANUARY*Late fee | 10.00 |       | 795.00  |
| 02/01/97 | Fee          | 78.00   |          | 873.00  |

*Thank Yo*

| Current | 30 Days | 60 Days | 90 Days | AMOUNT DUE |
|---------|---------|---------|---------|------------|
| 166.00  | 154.00  | 233.00  | 320.00  | 873.00     |

**EXHIBIT 11**

**Jarrett E. Thies**
**1802 Castle Glen Drive**
**Escondido, CA 92029**


View Terrace Association
C/O CHAMPS/The Kelly Group
5731 Palmer Way, Suite C1
Carlsbad, CA 92008-7247

January 30, 1997


Once again please find enclosed payment for all association dues. Although I am not responsible for late fees on checks you have turned away I have included late fees in the check. William Wyman's belated & bobbled attempt of collection deserves no merit and is deserving of no fee. His participation has along gated potential closure which I believe both of us desire.


Thank you,


Jed Thies

**JARRETT E. THIES**
**JACQUELYN D. THIES**
1802 CASTLE GLEN
ESCONDIDO, CA 92029

16-49/1220
0161876552

1765

DATE _Jan 30, 97_

PAY TO THE
ORDER OF _View Terrace_ $ _528⁰⁰_

_Five Hundred and twenty eight_ ——— DOLLARS

**UNION BANK OF CALIFORNIA**
ESCONDIDO
303 WEST GRAND AVENUE, ESCONDIDO, CA 92025
800 238 4486

FOR _Aug — Dec (lodging)_                MP

⑆122000496⑆ 0161876552⑆ 1765

---

**JARRETT E. THIES**
**JACQUELYN D. THIES**
1802 CASTLE GLEN
ESCONDIDO, CA 92029

16-49/1220
0161876552

1764

DATE _Jan 30, 97_

PAY TO THE
ORDER OF _View Terrace_ $ _78⁰⁰_

_Seventy Eight and ⁰⁰/₁₀₀_ DOLLARS

**UNION BANK OF CALIFORNIA**
ESCONDIDO
303 WEST GRAND AVENUE, ESCONDIDO, CA 92025
800 238 4486

FOR _Feb_                MP

⑆122000496⑆ 0161876552⑆ 1764

**EXHIBIT 12**

*The Law Offices of*

# WILLIAM A WYMAN

*Specializing in*
*Homeowner Association Representation*

5731 Palmer Way Suite B
Carlsbad CA 92008

**Telephone (619) 438-4947** • FAX (619) 438-4975

February 12, 1997

Jarrett E. and Jacquelyn D. Thies
1802 Castle Glen
Escondido, CA 92029

RE:   View Terrace Association v. Thies

Dear Mr. and Mrs. Thies:

This office has been provided with your correspondence dated January 30, 1997 and your two checks totaling $606.00. Please be advised that this does not bring your account current. Per our letter dated November 19, 1996, your account was delinquent in the amount of $619.00. This amount did not include assessments or late charges that have accrued. as of the date of this letter, your account has a balance of $1,451.50 (see enclosed audit).

As you are aware, a lawsuit has been filed and served upon you and further attorney's fees will continue to accrue if you do not take care of this past due balance. Pursuant to the Declaration of Covenants, Conditions and Restrictions, the annual and special assessments, together with interest, costs and reasonable attorneys' fees, shall be a charge on the land and shall be a continuing lien upon the Lot against which each assessment is made. In other words, it is your responsibility to reimburse the Association for the attorney's fees that have been assessed to your unit as a result of non-payment of assessments by you, personally.

Based on the above information, if we are not in receipt of the balance on your account ($845.50) or a payment plan proposal within five (5) days from the date of this letter, we shall return your checks uncashed and proceed with the lawsuit against you.

Respectfully,

WILLIAM A. WYMAN
Attorney at Law

:cn

cc.  Client

VIEW TERRACE/THIES                    2/12/97

UNIT#3                          COLLECTION
                                LETTERS/
          ASSESS-    LATE        ATTORNEYSATTORNEY
DATE      MENT       CHARGE   INTEREST FEES     COSTS    PAYMENTS BALANCE

| DATE | | ASSESSMENT | LATE CHARGE | INTEREST | COLLECTION LETTERS/ ATTORNEYS FEES | ATTORNEY COSTS | PAYMENTS | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 4 | 96 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 5 | 96 | 78.00 | 10.00 | 0.00 | | | 78.00 | 10.00 |
| 6 | 96 | 78.00 | 10.00 | 0.00 | | | 88.00 | 10.00 |
| 7 | 96 | 78.00 | 10.00 | 0.00 | | | | 98.00 |
| 8 | 96 | 78.00 | 10.00 | 0.00 | | | 88.00 | 98.00 |
| 9 | 96 | 78.00 | 10.00 | | 46.00 | | | 232.00 |
| 10 | 96 | 78.00 | 10.00 | | 161.00 | - | | 481.00 |
| 11 | 96 | 78.00 | 10.00 | | 50.00 | | | 619.00 |
| 12 | 96 | 78.00 | 10.00 | | | | | 707.00 |
| 1 | 97 | 78.00 | 10.00 | | 406.00 | 140.50 | | 1,341.50 |
| 2 | 97 | 78.00 | | | 32.00 | | | 1,451.50 |
| TOTALS: | | 780.00 | 90.00 | 0.00 | 695.00 | 140.50 | 254.00 | 1,451.50 |

NOTE:  CALCULATIONS ARE SHOWN ROUNDED TO NEAREST CENT; HOWEVER,
       TOTALS ARE CALCULATED BASED ON UNROUNDED FIGURES;
       THEREFORE, THERE MAY BE A FEW CENTS DISCREPANCY IN TOTALS
       BUT TOTALS ARE ACCURATE

**EXHIBIT 13**

*The Law Offices of*

# WILLIAM A. WYMAN

*Specializing in*
*Homeowner Association Representation*

5731 Palmer Way, Suite B
Carlsbad, CA 92008

**Telephone (619) 438-4947** ● FAX (619) 438-4975

February 20, 1997

Jarrett and Jacquelyn Thies
1802 Castle Glen
Escondido, CA 92029

RE:   VIEW TERRACE ASSOCIATION V. THIES

Dear Mr and Mrs. Thies:

Enclosed please find checks numbered 1764 and 1765 totaling $606.00 which we are returning to you uncashed as per our letter dated February 12, 1997 wherein we stated that if we did not receive the remaining balance of your account within five days, we would return your checks.

If you have any questions regarding this matter, please contact this office.

Respectfully yours,

*William A. Wyman/cn*
WILLIAM A. WYMAN
Attorney at Law

:cn

Enclosures

**EXHIBIT 14**

*The Law Offices of*

# WILLIAM A WYMAN

*Specializing in*
*Homeowner Association Representation*

5731 Palmer Way Suite B
Carlsbad CA 92008
*(located north of Palomar Airport)*

**Telephone (760) 438-4947  ●  FAX (760) 438-4975**

March 24, 1997

Jarrett E. and Jacquelyn D. Thies
1802 Castle Glen
Escondido, CA 92029

RE:  VIEW TERRACE ASSOCIATION V. THIES

Dear Mr. and Mrs. Thies:

This letter is to inform you that the Municipal Court of California has entered a **judgment** against you in favor of the above-referenced Association in the amount of **$1,314.88 (copy attached.)**

Please be advised that you have **thirty (30) days** from the date the judgment was entered to pay this amount in full. If you are unable to pay this judgment amount, you may want to consider sending us a payment plan proposal that we can submit to the Board of Directors for its consideration. However, if we do not hear from you within the time above, **we will proceed to enforce the judgment against you.**

If you have any questions regarding this matter, please feel free to contact this office.

Respectfully yours,

WILLIAM A WYMAN
Attorney at Law

Enclosure

:cn

WILLIAM A. WYMAN

Attorney.......... for ...Plaintiff............

Address ...5731 Palmer Way, Suite B............

..........Carlsbad, CA 92008............

..........Bar NO. 086764............

Telephone..........(619) 438-4947............

F I L E D

NORTH CO. MUN. CT.

Date ..3-11-97..

Clerk of the Court

By ......S/M LARSEN.. Deputy

(Keep Space Above Clear for Clerk's Filing Stamp)

# IN THE MUNICIPAL COURT, NORTH COUNTY JUDICIAL DISTRICT
## COUNTY OF SAN DIEGO, STATE OF CALIFORNIA

## JUDGMENT BY DEFAULT BY COURT

No...........176078............

..VIEW TERRACE ASSOCIATION,............
a California General Nonprofit Corporation

vs.

JARRETT E. THIES and JACQUELYN D. THIES, husband and wife as joint tenants, and DOES 1 through 20, inclusive

Plaintiff,

Defendant

In this action the defendant ......JARRETT E. THIES and JACQUELYN D. THIES, husband and wife as joint tenants..............

having been regularly served with summons and copy of complaint, having failed to appear and answer plaintiff's complaint within the time allowed by law, and the default of said defendant..s. having been duly entered, upon application of plaintiff to the Court, and the court having heard the evidence and considered the same;

It is adjudged that plaintiff........ have and recover from said defendant..s........... the sum of

Principal Sum $..914.00.. ✓

Attorney fee $..250.00.. ✓

Interest $..25.38.. ✓

Costs $..125.50.. ✓

Total $..1,314.88..............

Done in open Court this......11 th.. day of ..March.., 19.97..

..Harly Earwehr..
*Judge of Said Municipal Court*

Judgment entered ......3-11-97............

SHARON LEAR
Clerk of Said Court

By..........S/M LARSEN.........., Deputy

NCMC 122 (Rev. 10/87)

JUDGMENT BY DEFAULT BY COURT

# United States District Court

SOUTHERN ——————— DISTRICT OF ——— CALIFORNIA

JARRETT E. THIES, an individual consumer
residing in San Diego County, and JACQUELYN D.
THIES, an individual consumer residing in San
Diego County,

                              v.

THE LAW OFFICES of WILLIAM A. WYMAN, a
San Diego County business of unknown legal
structure and state of origin; and CHAMPS/THE
KELLY GROUP, a San Diego County business of
unknown legal structure and state of origin,

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:  '97 CV 0734 B  (CGA)

TO: (Name and Address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

      MICHAEL ERNEST DOUKAS, ESQ.
      HAROLD M. HEWELL, ESQ.
      316 South Melrose Drive, Ste. 100
      Vista, CA  92083

      (760) 724-4676

an answer to the complaint which is herewith served upon you, within _____ twenty _____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

Roberta Westdal

_____
CLERK

JAMIE PONZIO
_____
BY DEPUTY CLERK

4-21-97
_____
DATE

JS44
(Rev. 07/89)



# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

JARRETT E. THIES and JACQUELYN D. THIES

**DEFENDANTS**

THE LAW OFFICES of WILLIAM A. WYMAN et al.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
MICHAEL E. DOUKAS, ESQ.
316 South Melrose Drive
Suite 100
Vista, CA 92083
(760) 724-4676

**ATTORNEYS (IF KNOWN)**

'97 cv 0734 B (CGA)

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET. SEQ. AND DEMAND FOR JURY TRIAL

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
**DEMAND $**
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

DATE  #286?04?? $150  7/21/97

SIGNATURE OF ATTORNEY OF RECORD  [signature]